IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TOTTEN, as Chairman and JOSE MORENO as Co-Chairman of the BOARD OF TRUSTEES for the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>LOOMIS & SORIA INC., and FRANK LOOMIS,<br><br>        Defendants.<br>_____/ | No. C 04-3241 CRB<br><br>**ORDER GRANTING DEFAULT JUDGMENT** |

Now before the Court is plaintiffs' motion for default judgment. Neither defendant Frank Loomis nor defendant Loomis & Soria have answered the complaint or otherwise communicated with the Court; however, on March 25, 2005, Loomis & Soria filed bankruptcy. Accordingly, plaintiffs' motion for default judgment is directed solely to defendant Frank Loomis. After carefully considering the papers filed by the plaintiffs, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS the plaintiffs' motion for default judgment as to Frank Loomis.

//

**BACKGROUND**

Plaintiffs filed this ERISA action to recover unpaid contributions to an ERISA plan, as well as liquidated damages, interest, and attorneys fees and costs, on August 4, 2004. Defendant Frank Loomis ("Loomis") was served with the Complaint on or around November 10, 2004, but failed to answer or otherwise communicate with the Court. The Clerk of the Court entered default against Loomis on December 21, 2004. Plaintiffs now move for a default judgment against Loomis in the total amount of $87,450.09. They seek an award of unpaid contributions from November 2002 through May 2004 in the amount of $55,003.86; liquidated damages in the amount of $2,550.00; pre-judgment interest in the amount of $20,188.54 through May 13, 2005 (and $27.12 per day thereafter), and attorneys' fees and costs in the total amount of $9707.69.

**DISCUSSION**

ERISA provides that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. ERISA also authorizes an award of interest on delinquent and unpaid contributions, as well as liquidated damages and attorneys fees and costs in an action for collection of contributions. See 29 U.S.C. § 1132(g). In the Ninth Circuit, to qualify for an award of statutory liquidated damages, unpaid contributions must exist at the time the lawsuit was filed. See Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989).

As is set forth above, when plaintiffs filed this lawsuit contributions were overdue for November 2002 through May 2004; thus, plaintiffs are entitled to an award of statutory liquidated damages on those overdue amounts. Moreover, while Loomis & Soria is the actual signatory to the documents obligating Loomis & Soria to pay amounts to the plaintiff trust funds, plaintiffs have established as a matter of law that Loomis--the sole owner, President, and Chief Executive Officer of Loomis & Soria--is considered an employer for purposes of ERISA liability.

2

The declarations and exhibits filed by plaintiffs establish that Loomis owes plaintiff's a sum certain, as is set forth above. The Court will therefore grant plaintiffs' motion for default judgment in the amount sought by plaintiffs, less $1000.00 for attorneys' fees which are reasonably attributable to fees incurred in connection with plaintiffs' pursuit of a defendant, Dolores Loomis, who they subsequently voluntarily dismissed.

## CONCLUSION

The Court GRANTS plaintiffs' motion for a default judgment against Frank Loomis in the total amount of $86,612.81. As the only remaining defendant, Loomis & Soria, is in bankruptcy, the Court will administratively close this action and issue a separate judgment against Frank Loomis.

**IT IS SO ORDERED.**

Dated: May 19, 2005

/s/
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE